# EXHIBIT 1

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**<br>7325 South Potomac Street<br>Centennial, CO  80112 | DATE FILED: June 24, 2021 4:51 PM<br>FILING ID: A79F172CF3C5E<br>CASE NUMBER: 2021CV31113 |
| Plaintiff: **ANDRA DAVIS**<br><br>**v.**<br><br>Defendants: **MICHELL FRANKEL** Individually, **SPORTS DEVELOPMENT LIMITED** as an entity, as Guaranteed Personally by MICHELL RANKEL, **ALLAND ARTS, INC** as a corporation, as Guaranteed Personally by MICHELL FRANKEL and **IMPACT SPORTS BASKETBALL LLC** a limited liability company, as Guaranteed Personally by MICHELL FRANKEL | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Mark L. Bryant<br>210 Wilcox Street, Suite 210<br>Castle Rock, CO  80104<br>Telephone: 303-740-6966<br>Fax: 303-740-8887<br>E-mail:  mlblegal@markesq.com<br>Atty. Reg. #17743 | **Case No.:**<br><br>**Division:** |
| **COMPLAINT** ||

NOW COMES Plaintiff **ANDRA DAVIS** (hereinafter "Plaintiff"), by and through undersigned counsel, Mark L. Bryant, Law Office of Mark L. Bryant, and in support of his Complaint against **MICHELL FRANKEL**, **SPORTS DEVELOPMENT LIMITED**, **ALLAND ARTS, INC**., and **IMPACT SPORTS BASKETBALL LLC** (hereinafter "Defendants"), states and avers as follows:

### PARTIES, VENUE & JURISDICTION

1. Plaintiff is an individual and resident of the State of Colorado residing in Arapahoe County, Colorado.

2. At all times material hereto, upon information and belief, Defendant MICHELL FRANKEL was and is an individual and resident of Florida, residing at 7587 Estrella Circle, Boca Raton, FL 33433.

1

3. At all times material hereto, upon information and belief, Defendant SPORTS DEVELOPMENT LIMITED was and is a business doing business out of the Bahamas, located at Malcom Building, Bay Street and Victoria Avenue, Nassau, Bahamas, solely owned and operated by Defendant MICHELL FRANKEL.

4. At all times material hereto, upon information and belief, Defendant ALLAND ARTS, INC. was and is a business doing business out of Florida, located at 3200 Port Royale Boulevard, Fort Lauderdale, FL 33308, solely owned and operated by Defendant MICHELL FRANKEL.

5. At all times material hereto, upon information and belief, Defendant IMPACT SPORTS BASKETBALL LLC was and is a business doing business out of Florida, located at 2799 NW Boca Raton Blvd., Boca Raton, FL, 33431, solely owned and operated by Defendant MICHELL FRANKEL.

6. This Court has jurisdiction of this matter and venue is proper pursuant to C.R.C.P. 98 as the Plaintiff is a resident of the County of Arapahoe, State of Colorado in which the breaches continue to occur.

## STATEMENT OF THE FACTS

7. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 6 of this Complaint, as though fully set forth herein.

8. On May 10th 0f 2006, Plaintiff loaned Defendant SPORTS DEVELOPMENT LIMITED $195,000.00 a loan that is personally guaranteed by Defendant MICHELL FRANKEL (hereinafter "Lone No. 1"). Agreeing through a signed promissory note Defendantsfixed to repay the loan at an interest rate compounded annually of 12% the first year and 14% compounded all years following.

9. On January 27th of 2010, Plaintiff loaned the Defendant ALLAND ARTS, INC. $200,000.00 a loan that is personally guaranteed by Defendant MICHELL FRANKEL (hereinafter "Loan No. 2"). Agreeing through a signed promissory note Defendants fixed to repay the loan at an interest rate compounded annually of 12% the first five years and 13% compounded interest rate starting the fifth year and all following years.

10. On July 20th of 2012, Plaintiff loaned the Defendant IMPACT SPORTS BASKETBALL LLC $150,000.00 a loan that is personally guaranteed by Defendant MICHELL FRANKEL (hereinafter "Loan No. 3"). Agreeing through a signed promissory note Defendant fixed to repay the loan at an interest rate compounded annually of 10% the first two years and 12% compounded interest rate starting the second year and all following years.

11. Defendant MICHELL FRANKEL acknowledged owing the debts by signing (and thereby agreeing) to three separate promissory notes for these loans under three business. The promissory notes depicted repayment terms.

12. Despite agreeing to the repayment terms per signed promissory notes, Defendants have not

paid the agreed amounts and are in uncured default. Defendants' last payment of any sums was in May of 2021.

13. Defendant MICHELL FRANKEL at all times relevant was Plaintiff's NFL sports agent.

14. All payments received by Plaintiff from Defendants were issued by Defendant MICHELL FRANKEL from Defendant's personal checking account.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract – All Defendants – Loan No. 1)*

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

16. On May 10th 0f 2006, Plaintiff and Defendants MICHELL FRANKEL and SPORTS DEVELOPMENT LIMITED individually and as Guaranteed Personally by MICHELL FRANKEL entered into a contract wherein Plaintiff loaned Defendants Loan No. 1 in the amount of $195,000.00.

17. To date, Defendants have not paid in full Loan No. 1 in the amount of $195,000.00 plus interest compounded annually to Plaintiff.

18. Defendants have materially breached the agreement by failing to pay the debt off in full on or before May 10, 2007.

19. Defendants' breach has caused Plaintiff to suffer damages which, as of this filing, are the amount loaned, unpaid interest, plus courts costs associated with the filing of this Complaint and reasonable attorney fees and costs.

20. On May 10th 0f 2006, Defendant MICHELL FRANKEL personally guaranteed a loan under the business name of SPORTS DEVELOPMENT LIMITED entering into a contract wherein Plaintiff loaned Defendant MICHELL FRANKEL $195,000.00 (Loan No. 1).

## SECOND CLAIM FOR RELIEF
*(Breach of Contract – All Defendants – Loan No. 2)*

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. On January 27th of 2010, Plaintiff and Defendants MICHELL FRANKEL and ALLAND ARTS. INC. Individually and as Guaranteed Personally by MICHELL FRANKEL entered into a contract wherein Plaintiff loaned Defendants Loan No. 2 in the amount of $200,000.00.

23. To date, Defendants have not paid in full Loan No. 2 in the amount of $200,000.00 plus interest

3

compounded annually to Plaintiff.

24. Defendants have materially breached the agreement by failing to pay the debt off in full on or before January 27, 2014.

25. Defendants' breach has caused Plaintiff to suffer damages which, as of this filing, are the amount loaned, unpaid interest, plus courts costs associated with the filing of this Complaint and reasonable attorney fees and costs.

26. On January 27th of 2010, Defendant MICHELL FRANKEL personally guaranteed a loan under the business name of ALLAND ARTS. INC. entering into a contract wherein Plaintiff loaned Defendant MICHELL FRANKEL $200,000.00 (Loan No. 2).

## THIRD CLAIM FOR RELIEF
*(Breach of Contract – All Defendants– Loan No. 3)*

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. On July 20th of 2012, Plaintiff and Defendants MICHELL FRANKEL and IMPACT SPORTS BASKETBALL LLC individually and as Guaranteed Personally by MICHELL FRANKEL entered into a contract wherein Plaintiff loaned Defendants Loan No. 3 in the amount of $150,000.00.

29. To date, Defendants have not paid in full Loan No. 3 in the amount of $150,000.00 plus interest compounded annually to Plaintiff.

30. Defendants have materially breached the agreement by failing to pay the debt off in full on or before January 20, 2013.

31. Defendants' breach has caused Plaintiff to suffer damages which, as of this filing, are the amount loaned, unpaid interest, plus courts costs associated with the filing of this Complaint and reasonable attorney fees and costs.

32. On July 20th of 2012, Defendant MICHELL FRANKEL personally guaranteed a loan under the business name of IMPACT SPORTS BASKETBALL LLC entering into a contract wherein Plaintiff loaned Defendant MICHELL FRANKEL $150,000.00 (Loan No. 3).

## FORTH CLAIM FOR RELIEF
*(Unjust Enrichment – All Defendants - Loan No. 1)*

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

4

34. On May 10th 0f 2006, Plaintiff and Defendants MICHELL FRANKEL and SPORTS DEVELOPMENT LIMITED Individually and as Guaranteed Personally by MICHELL FRANKEL entered into an agreement whereby Plaintiff loaned the Defendants Loan No. 1 in the amount of $195,000.00 (Loan No. 1) with the understanding Defendants were to repay him on or before May 10, 2007.

35. Defendants owe an outstanding obligation to Plaintiff for the principal sum, compounded interest, Court filing, fees associated with bringing this action, plus reasonable attorney fees and costs.

36. Defendants received a benefit at Plaintiff's expenses that is unjust for them to retain without compensation thereto.

37. Plaintiff is entitled to the value of the loan, compound interest, Court filing fees, and attorney fees and costs.

38. Plaintiff has made several demands for repayment. Defendants have failed to repay the outstanding obligation in full. Accordingly, Defendant is unjustly enriched to these amounts.

39. As a direct and proximate result of Defendants' retention of Plaintiff's money, Defendants were unjustly enriched in an amount to be proven at trial.

## **FIFTH CLAIM FOR RELIEF**
*(Unjust Enrichment – All Defendants – Loan No. 2)*

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41. On January 27th of 2010, Plaintiff and Defendants MICHELL FRANKEL and ALLAND ARTS, INC. Individually and as Guaranteed Personally by MICHELL FRANKEL entered into an agreement whereby Plaintiff loaned the Defendants Loan No. 2 in the amount of $200,000.00 with the understanding Defendants were to repay him on or before January 27, 2014.

42. Defendants owe an outstanding obligation to Plaintiff for the principal sum, compounded interest, Court filing, fees associated with bringing this action, plus reasonable attorney fees and costs.

43. Defendants received a benefit at Plaintiff's expenses that is unjust for them to retain without compensation thereto,

44. Plaintiff is entitled to the value of the loan, compound interest, Court filing fees, and attorney fees and costs.

45. Plaintiff has made several demands for repayment. Defendant has failed to repay the outstanding obligation in full. Accordingly, Defendants were unjustly enriched to these amounts.

5

46. As a direct and proximate result of Defendants' retention of Plaintiff's money, Defendants were unjustly enriched in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
*(Unjust Enrichment – All Defendants - Loan No. 3)*

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

48. On July 20th of 2012, Plaintiff and Defendants MICHELL FRANKEL and IMPACT SPORTS BASKETBALL LLC Individually and as Guaranteed Personally by MICHELL FRANKEL entered into an agreement whereby Plaintiff loaned the Defendants Loan No. 3 in the amount of $150,000.00 with the understanding Defendants were to repay him on or before January 20, 2013.

49. Defendants owe an outstanding obligation to Plaintiff for the principal sum, compounded interest, Court filing, fees associated with bringing this action, plus reasonable attorney fees and costs.

50. Defendants received a benefit at Plaintiff's expenses that is unjust for them to retain without compensation thereto.

51. Plaintiff is entitled to the value of the loan, compound interest, Court filing fees, and attorney fees and costs.

52. Plaintiff has made several demands for repayment. Defendants have failed to repay the outstanding obligation in full. Accordingly, Defendants are unjustly enriched to these amounts.

53. As a direct and proximate result of Defendants' retention of Plaintiff's money, Defendants were unjustly enriched in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
*Breach of Fiduciary Duty – Defendant Michell Frankel*

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 of this Complaint, as though fully set forth herein.

55. At all times relevant, Defendant MICHELL FRANKEL was the sports agent for Plaintiff.

56. Defendant MICHELL FRANKEL breached his fiduciary duty to Plaintiff when Defendant entered into a loan agreement with Plaintiff while he was representing Plaintiff as a NFL sports agent, and caused his client substantial financial damages.

57. Defendant MICHELL FRANKEL by entering in to the loan agreements without re-payment has caused Plaintiff damages.

6

58. As a direct and proximate result of Defendant's retention of Plaintiff's money, Plaintiff has suffered damages.

59. Plaintiff is entitled to the value of the loan, compound interest, Court filing fees, and attorney fees and costs.

60. Based upon information and belief the three Defendants SPORTS DEVELOPMENT LIMITED, ALLAND ARTS, INC. and IMPACT SPORTS BASKETBALL LLC are alleged to be some form of business enterprises. It is now believed that one or all of such entities never existed. In any event the Defendants SPORTS DEVELOPMENT LIMITED, ALLAND ARTS, INC., and IMPACT SPORTS BASKETBALL LLC were not disclosed in a truthful manner to the Plaintiff again in Breach of Defendant MICHELL FRANKEL's fiduciary duty.

**WHEREFORE**, Plaintiff ANDRA DAVIS respectfully requests that this Court enter judgment in his favor and against Defendants MICHELL FRANKEL, SPORTS DEVELOPMENT LIMITED, ALLAND ARTS, INC., and IMPACT SPORTS BASKETBALL LLC in an amount equal to all actual damages recoverable as pled, together with any pre- and post-judgment interest, attorney fees and costs, Court filing fees, and for any such further relief this Court deems just and proper.

Respectfully submitted this 24th day of June, 2021.

Respectfully submitted,

*Original signature on file at theLaw Office of Mark L. Bryant*

*/s/ Mark L. Bryant*
Mark L. Bryant, No. 17743
Attorney for Plaintiff

7

# PROMISSORY NOTE

**Amount: $200,000.00**                                                     **Date: 1/27/2010**

FOR VALUE RECEIVED, the undersigned, Alland Arts, Inc., located at 3200 Port Royale Boulevard, Fort Lauderdale, FL 33308, promises to pay to the order of Andra Davis or his estate, the sum of Two Hundred Thousand Dollars ($200,000.00), together with interest thereon at the rate of Twelve Percent (12%) per annum. Interest, in the amount of Ninety Six Thousand Dollars ($96,000) shall be due and payable on January 27, 2014. In addition, the entire principal in the amount of Two Hundred Thousand Dollars ($200,000.00) shall be due and payable on January 27, 2014.

All overdue installments of principal or interest and the entire unpaid balance after maturity or upon acceleration shall bear interest at the rate of 13% per annum until paid in full. There will be no penalty for payments made PRIOR TO the aforementioned due dates.

The entire unpaid balance shall, at the option of the holder, become immediately due and payable without notice or demand upon the occurrence of any of the following events:

1. Failure of the undersigned to make, when due, any payment herein provided.
2. Default by any of the undersigned or any other person, firm or corporation under any mortgage, agreement or undertaking securing in any way the indebtedness hereby evidenced or given in connection herewith.
3. Death, insolvency or business failure of any of the undersigned or of any guarantor or endorser of the undersigned.
4. Appointment of a receiver, conservator or similar officer of any of the property of; the making of an assignment for the benefit of creditors, trust mortgage, or composition with creditors or other arrangement of similar import by; the existence of any lien, which lien remains undischarged for a period of thirty (30) days, against any property of; the commencement of any proceedings under any Bankruptcy or Insolvency Law, now or hereafter enacted, by or against; the undersigned.
5. Any representation made to the holder by or on behalf of any maker or any guarantor or endorser of the undersigned shall prove to have been false, inaccurate or incomplete in any material respect when made.

C:\Users\Owner\Dropbox (Impact Sports Mgt)\Florida Server\ACCOUNTING\STMR\STMR-prior ag\Aland Arts accounting\Promissory Note Alland Arts - andra davis.doc

Page 1 of 2

# PROMISSORY NOTE

The undersigned shall pay all expenses, including reasonable attorneys' fees, which the holder may incur in effecting collection of this note either upon default or maturity.

The undersigned hereby waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, and/or to the addition or release of any other party or person primarily or secondarily liable.

The word "holder" as used herein shall refer to the named payee and all assignees, endorsees or transferees of said payee.

The holder shall not, by any act, delay, omission, or otherwise, be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by the holder. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any future occasion.

By: _____

Alland Arts, Inc.

C:\Users\Owner\Dropbox (Impact Sports Mgt)\Florida Server\ACCOUNTING\STMR\STMR-prior ag\Aland Arts accounting\Promissory Note Alland Arts - andra davis.doc

Page 2 of 2

## **PROMISSORY NOTE**

$150,000.00                                                                                                                          July 20, 2012

FOR VALUE RECEIVED, the undersigned promises to pay to Andra Davis (holder) the sum of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest thereon at the rate of ten percent (10%) per annum. The principal shall be payable in a lump sum payment one (1) year from the date hereof. Interest shall be payable annually on the unpaid balance. Therefore interest shall be due on July 20, 2013.

All overdue installments of principal or interest and the entire unpaid balance after maturity or upon acceleration shall bear interest at the rate of twelve percent (12%) per annum until paid in full.

The undersigned shall have the right to prepay this Note in whole or in part from time to time without premium or penalty. All prepayments shall be applied first to accrued but unpaid interest and thereafter to principal.

The entire unpaid balance shall, at the option of the holder, become immediately due and payable without notice or demand upon the occurrence of any of the following events:

1. Failure of the undersigned to make, within five (5) days after the date when due, any payment herein provided.

2. Appointment of a receiver, conservator or similar officer of any of the property of; the making of an assignment for the benefit of creditors, trust mortgage, or composition with creditors or other arrangement of similar import by; the existence of any lien, which lien remains undischarged for a period of thirty (30) days, against any property of; the commencement of any proceedings under any bankruptcy or insolvency law, now or hereafter enacted, by or against; the undersigned.

The undersigned shall pay all expenses, including reasonable attorneys' fees, which the holder may incur in effecting collection of this note either upon default or maturity.

The undersigned hereby waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, and/or to the addition or release of any other party or person primarily or secondarily liable.

The word "holder" as used herein shall refer to the named payee and all assignees, endorsees or transferees of said payee.

## **PROMISSORY NOTE**

The holder shall not, by any act, delay, omission, or otherwise, be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by the holder. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any future occasion.

The undersigned hereby grants to holder in order to secure the payment and performance in full of this Note, a second and subordinate security interest in and so pledges and collaterally assigns this to the holder all of the undersigned's right, title and interest in all accounts, accounts receivables, contracts receivables, and any contract rights to the payment of money.

At the election of Holder in his sole discretion, the entire outstanding principal under this note may be converted by the Holder to a membership interest in Impact Sports Basketball LLC, the Company. The principal amount of the loan shall be deemed to have been paid in full. Holder may convert the entire principal amount of the loan in exchange for 3.88 percent membership interest in the Company. All accrued interest payments not received by Holder at the time of conversion shall be paid to Holder at that time. At the election of Holder in his sole discretion, Holder may convert any amount of the outstanding principal to a membership interest in Impact Sports Basketball LLC and Holder shall receive the pro-rata membership interest based upon 2.59 percent per one hundred thousand dollars ($100,000.00). Holder may convert any amount from $50,000 to $150,000. All accrued interest payments not received by Holder at the time of conversion shall be paid to Holder at that time. In the event that Holder chooses not to convert, then the entire principal and interest will be paid pursuant to this Note.

EXECUTED as of the date first written above.

Impact Sports Basketball LLC

By: _____
Mitchell Frankel

Title _____Managing Member_____

## PROMISSORY NOTE

Amount: US $195,000.00                                                                 Date:  5/10/2006

FOR VALUE RECEIVED, the undersigned, SPORTS DEVELOPMENT LIMITED, located at Malcolm Building, Bay Street & Victoria Avenue, Nassau, Bahamas, promises to pay to the order of ANDRA DAVIS c/o Impact Sports located at 2799 NW Boca Raton Boulevard, Boca Baton, FL 33431 the sum of One Hundred Ninety Five Thousand Dollars ($195,000.00), together with interest thereon at the rate of Twelve percent (12%) per annum. Interest, in the amount of Twenty Three Thousand Four Hundred Dollars ($23,400.00) shall be due and payable on May 10, 2007. In addition, the entire principal, in the amount of One Hundred Ninety Five Thousand Dollars ($195,000.00) shall be due and payable on May 10, 2007.

All overdue installments of principal or interest and the entire unpaid balance after maturity or upon acceleration shall bear interest at the rate of 14 % per annum until paid in full.  There will be no penalty for payments made PRIOR TO the aforementioned due dates.

The entire unpaid balance shall, at the option of the holder, become immediately due and payable without notice or demand upon the occurrence of any of the following events:

1. Failure of the undersigned to make, when due, any payment herein provided.
2. Default by any of the undersigned or any other person, firm or corporation under any mortgage, agreement or undertaking securing in any way the indebtedness hereby evidenced or given in connection herewith.
3. Death, insolvency or business failure of any of the undersigned or of any guarantor or endorser of the undersigned.
4. Appointment of a receiver, conservator or similar officer of any of the property of; the making of an assignment for the benefit of creditors, trust mortgage, or composition with creditors or other arrangement of similar import by; the existence of any lien, which lien remains undischarged for a period of thirty (30) days, against any property of; the commencement of any proceedings under any Bankruptcy or Insolvency Law, now or hereafter enacted, by or against; the undersigned.

5. Any representation made to the holder by or on behalf of any maker or any guarantor or endorser of the undersigned shall prove to have been false, inaccurate or incomplete in any material respect when made.

The undersigned shall pay all expenses, including reasonable attorneys' fees, which the holder may incur in effecting collection of this note either upon default or maturity.

The undersigned hereby waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, and/or to the addition or release of any other party or person primarily or secondarily liable.

The word "holder" as used herein shall refer to the named payee and all assignees, endorsees or transferees of said payee.

The holder shall not, by any act, delay, omission, or otherwise, be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by the holder.  A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any future occasion.

This agreement shall be governed by the laws of the State of Florida, and Sports Development Limited hereby consents to the jurisdiction of the courts in the State of Florida.

By: _____

SPORTS DEVELOPMENT LIMITED

C:\Users\Owner\Desktop\Andra Davis - Sports Development Limited Promissory Note ($195,000).docx